*Law Offices of*
**BONNETT, FAIRBOURN, FRIEDMAN & BALINT, P.C.**
2901 North Central Avenue
Suite 1000
Phoenix, Arizona 85012-3311
(602) 274-1100

Wendy J. Harrison (014461)
wharrison@bffb.com
Ty D. Frankel (027179)
tfrankel@bffb.com
*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF ARIZONA

| | |
|---|---|
| Xochitl Leyva,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>TBC CONEXION PHOENIX, INC., an Arizona corporation; Juan ARMENTA and Jane Doe ARMENTA, husband and wife; Luz Elena CORRAL and John Doe CORRAL, wife and husband; and David Ramon CORRAL VALENZUELA and Jane Doe CORRAL VALENZUELA, husband and wife,<br><br>　　　　　Defendants. | Case No. _____<br><br>**COMPLAINT**<br><br>**[JURY TRIAL DEMANDED]** |

Plaintiff Xochitl Leyva (hereinafter referred to as Plaintiff) for her Complaint against TBC Conexion Phoenix, Inc., Juan Armenta and Jane Doe Armenta, Luz Elena Corral and John Doe Corral, and David Ramon Corral Valenzuela and Jane Doe Corral Valenzuela (hereinafter collectively referred to as "Defendants" or "TBC Conexion") alleges as follows:

## I. NATURE OF THE CASE

1. Plaintiff brings this action against TBC Conexion for its unlawful failure to pay minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "FLSA") and the Arizona Wage Statute, A.R.S. §§ 23-351, 23-353, 23-355, 23-363, and 23-364.

2. This action is brought to recover unpaid minimum wage compensation, unlawfully withheld wages, liquidated damages and statutory penalties resulting from Defendants' violations of the FLSA.

3. This action is also brought to recover unpaid minimum wage compensation, unlawfully withheld wages, liquidated damages and statutory penalties resulting from Defendants' violations of the Arizona Wage Statute.

4. Defendants have made unauthorized and improper deductions from Plaintiff's wages, causing the wages to fall below the statutorily required minimum wage, and have unlawfully withheld wages in violation of federal and state law.

## II.  JURISDICTION AND VENUE

5. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6. Plaintiff's state law claim is sufficiently related to the FLSA claim that it forms part of the same case or controversy. This Court therefore has supplemental jurisdiction over Plaintiff's claim under the Arizona Wage Statute pursuant to 28 U.S.C. § 1367.

7. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the events or omissions giving rise to the claims occurred in the state of Arizona within this District. Plaintiff was employed by TBC Conexion in this District.

## III.  PARTIES

8. At all times relevant to the matters alleged herein, Plaintiff Xochitl Leyva resided in the State of Arizona in Maricopa County.

9. Plaintiff Leyva was a full-time, non-exempt employee of TBC Conexion from in or around August 2007 until in or around February 2011.

10. Plaintiff Leyva worked during her tenure for TBC Conexion as a customer service employee, which involved duties such as assisting with payroll, answering phones, and attending to clients, among other tasks.

11. Plaintiff did not work for a predetermined wage but instead was paid hourly and thus her wages varied based on the amount of time she worked.

12. Plaintiff was an employee as defined in 29 U.S.C. § 203(e)(1) and was a non-exempt employee under 29 U.S.C. § 213(a)(1).

13. Defendant TBC Conexion is an Arizona corporation, authorized to do business in Arizona, and operates transportation services for passengers.

14. At all relevant times, TBC Conexion was an employer as defined by 29 U.S.C. § 203(d), A.R.S. § 23-350 and A.R.S. § 23-360.

15. Defendants Juan Armenta and Jane Doe Armenta are, upon information and belief, husband and wife. Jane Doe Armenta is a fictitious name for Juan Armenta's wife. When her true name has been ascertained, this Complaint shall be amended accordingly. They have caused events to take place giving rise to this action as to which their marital community is fully liable. Juan Armenta is the President, Treasurer, and Director of TBC Conexion.

16. Defendants Luz Elena Corral and John Doe Corral are, upon information and belief, husband and wife. John Doe Corral is the fictitious name for Luz Elena Corral's husband. When his true name has been ascertained, this Complaint shall be amended accordingly. They have caused events to take place giving rise to this action as to which their marital community is fully liable. Luz Elena Corral is the Secretary of TBC Conexion.

17. Defendants David Ramon Corral Valenzuela and Jane Doe Corral Valenzuela are, upon information and belief, husband and wife. Jane Doe Corral Valenzuela is the fictitious name for David Ramon Corral Valenzuela's wife. When her true name has been ascertained, this Complaint shall be amended accordingly. They have caused events to take place giving rise to this action as to which their marital community is fully liable. David Ramon Corral Valenzuela is the Vice-President of TBC Conexion.

18. Under the FLSA, Defendants Juan Armenta, Luz Elena Corral, and David Ramon Corral Valenzuela are employers. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Defendant Juan Armenta is the President, Treasurer, and Director of TBC Conexion. Defendant Luz Elena Corral is the Secretary of TBC Conexion. Defendant David Ramon Corral Valenzuela is the Vice-President of TBC Conexion. As persons who acted in the interest of TBC Conexion in relation to the company's

employees, Juan Armenta, Luz Elena Corral and David Ramon Corral Valenzuela are subject to individual liability under the FLSA.

### IV. FACTUAL BACKGROUND

19. TBC Conexion is an Arizona corporation operating transportation services for passengers.

20. TBC Conexion has at least two locations in Arizona, including Phoenix and Tucson.

21. In or around August 2007, Plaintiff was employed by TBC Conexion as a customer service employee.

22. During her employment, Plaintiff performed tasks such as assisting with payroll, answering phones, selling bus tickets, and attending to clients who would travel with the company.

23. Throughout employment with TBC Conexion, Plaintiff was paid an hourly wage dependent on the quantity of time worked. There was no predetermined amount of wages that would be received by Plaintiff.

24. As part of her duties with TBC Conexion, Plaintiff collected money from passengers to whom she sold tickets for travel with the company by bus.

25. At no time did Plaintiff ever wrongfully misappropriate any funds collected in connection with selling bus tickets for the company, nor was she ever even investigated by the company in this regard.

26. Nevertheless, TBC Conexion routinely made improper and unauthorized deductions from Plaintiff's paychecks, causing Plaintiff's wages to fall below the minimum wage requirement imposed by federal and state law.

27. Furthermore, TBC Conexion wrongfully withheld wages from Plaintiff by failing to pay all wages due for hours Plaintiff worked.

### V. COUNT ONE

**(Failure to Properly Pay Minimum Wage - FLSA - 29 U.S.C. § 206)**

28. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

29. Plaintiff was a non-exempt, hourly employee entitled to the statutorily mandated minimum wage.

30. Plaintiff did not work for a predetermined amount but instead was paid hourly causing her wages to depend on the amount of time she worked.

31. TBC Conexion was an employer.

32. TBC Conexion failed to comply with 29 U.S.C. § 206 by failing to pay Plaintiff the statutorily required minimum wage.

33. TBC Conexion routinely made improper, unauthorized and illicit deductions from Plaintiff's paychecks causing Plaintiff's wages to routinely fall below the statutorily required minimum wage.

34. Plaintiff's total compensation divided by total hours worked routinely fell below the minimum wage requirements of the FLSA.

35. TBC Conexion's failure to pay minimum wage to Plaintiff was willful. TBC Conexion knew Plaintiff's wages routinely fell below the minimum wage requirement but neglected its statutory obligations anyway. TBC Conexion had no reason to believe its failure to pay the minimum wage was not a violation of the FLSA.

36. Plaintiff is entitled to statutory remedies provided pursuant to 29 U.S.C. § 216(b), including but not limited to liquidated damages and attorneys' fees.

## VI. COUNT TWO

**(Failure to Pay Timely Wages Due and Minimum Wage - Arizona Wage Statute)**

37. Plaintiff incorporates by reference all of the above allegations as though fully set forth herein.

38. Plaintiff was an employee and TBC Conexion was an employer under the Arizona Wage Statute.

39. TBC Conexion was aware of its obligation to pay timely wages pursuant to A.R.S. § 23-351.

40. TBC Conexion was aware that, under A.R.S. § 23-353, it was obligated to pay all wages due to Plaintiff.

41. Nevertheless, TBC Conexion failed to timely pay Plaintiff her wages due without a good faith basis for withholding the wages.

42. As a result of TBC Conexion's unlawful withholding of wages from Plaintiff, Plaintiff is entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

43. Further, TBC Conexion was aware of its obligation to pay minimum wage pursuant to A.R.S. § 23-363.

44. TBC Conexion failed to pay minimum wage to Plaintiff. As a result of TBC Conexion's unlawful acts, Plaintiff is entitled to the statutory remedies provided pursuant to A.R.S. § 23-364.

## VII. REQUESTED RELIEF

WHEREFORE, the Plaintiff prays:

A. For the Court to declare and find that the Defendants committed one or more of the following acts:

   i. violated minimum provisions of the FLSA, 29 U.S.C. § 206, by failing to pay minimum wage to Plaintiff;

   ii. willfully violated the minimum wage provisions of the FLSA, 29 U.S.C. § 206;

   iii. willfully violated the Arizona Wage Statute by failing to timely pay all wages due to Plaintiff and not paying the minimum wage;

B. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b) and/or treble damages pursuant to A.R.S. § 23-355, to be determined at trial;

C. For the Court to award unpaid minimum wages, plus an additional amount equal to twice the unpaid wages pursuant to A.R.S. § 23-364, to be determined at trial;

D. For the Court to award interest on all wage compensation due accruing from the date such amounts were due;

E. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

F. For the Court to award restitution;

G.  For the Court to award Plaintiffs' reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and A.R.S. § 23-364;

H.  For the Court to award pre- and post-judgment interest;

I.  For the Court to award Plaintiffs' resulting consequential damages, in an amount to be proven at trial; and,

J.  For such other relief as the Court deems just and proper.

## VIII. DEMAND FOR JURY TRIAL

44. Plaintiff hereby demands trial of her claims by jury to the extent authorized by law.

RESPECTFULLY SUBMITTED this 23rd day of February, 2011.

BONNETT, FAIRBOURN, FRIEDMAN
& BALINT, P.C.


  s/ Ty D. Frankel
Wendy J. Harrison
Ty D. Frankel
2901 N. Central Avenue, Suite 1000
Phoenix, Arizona 85012
Attorneys for Plaintiff